UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
BRANDON NICHOLSON,                                    Civil Action No.

              Plaintiff,

    -against-                                            **COMPLAINT**

NATIONAL RAILROAD PASSENGER
CORPORATION,                                          Plaintiff Demands a Trial
JOSEPH BYRNE, individually,                           By Jury
VIRILIUS CORNELIOUS, individually,
EDWARD SCHLOEMANN, individually



              Defendants.
-----------------------------------------------------------------------X

       Plaintiff, BRANDON NICHOLSON, (hereinafter referred to as "Plaintiff" or "NICHOLSON"), by and through Plaintiff's attorneys, **DEREK SMITH LAW GROUP, PLLC and PINES FEDERAL EMPLOYMENT ATTORNEYS, PLLC,** as and for Plaintiff's Complaint in this action against Defendants NATIONAL RAILROAD PASSENGER CORPORATION (hereinafter referred to as "AMTRAK"), JOSEPH BYRNE, individually (hereinafter referred to as "BYRNE"), VIRILIUS CORNELIOUS, individually (hereinafter referred to as "CORNELIOUS"), and EDWARD SCHLOEMANN, individually (hereinafter referred to as "SCHLOEMANN"), (hereinafter collectively referred to as Defendants), respectfully alleges as follows upon information and belief:

## **NATURE OF CASE**

1. This action arises out of the unlawful discrimination, hostile work environment, and retaliation of Defendants against Plaintiff NICHOLSON.

2. This action is brought to remedy, *inter alia*, Defendants' unlawful discrimination against Plaintiff NICHOLSON with respect to Plaintiff's employment on the basis of race, color, and national origin, along with a hostile work environment, retaliation as a result of Plaintiff's opposition to these unlawful practices, and Defendants' constructive discharge and/or wrongful termination of Plaintiff as a result of Plaintiff's opposition to these unlawful practices. Through their unlawful and discriminatory conduct, Defendants violated, *inter alia*, Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e et. Seq. ("Title VII"), 42 U.S.C. § 2000e et. Seq. ("Title VII"), 42 U.S.C. §1981, New York State Human Rights Law; New York Executive Law, § 290, et seq. ("the Executive Law"); the Administrative Code of the City of New York 8-107 et seq. ("NYCHRL"); and any and all other causes of action which are alleged and/or can be inferred from the facts set forth herein.

3. Plaintiff NICHOLSON also complains pursuant to the Family and Medical Leave Act of 1993 ("FMLA") as amended, the Americans with Disabilities Act of 1990 ("ADA") as amended, the laws of the State of New York, and the Administrative Code of the City of New York, based upon the supplemental jurisdiction of this Court pursuant to *United Mine Workers of America v. Gibbs*, 383 U.S. 715 (1966), and 28 U.S.C. § 1367 seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of, *inter alia*, disability discrimination, FMLA interference and retaliation, hostile work environment, retaliation, and constructive discharge/wrongful termination by Defendants.

## JURISDICTION AND VENUE

4. This Court has jurisdiction based on 28 U.S.C. § 1331 and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

5. Jurisdiction of this action is conferred upon this Court as this case involves a Federal

2

Question under the FMLA, the ADA, and Title VII. The Court also has jurisdiction pursuant
to 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

6. 28 U.S.C. §1331 states that "The district courts shall have original jurisdiction of all civil
   actions arising under the Constitution, laws, or treaties of the United States."

7. Plaintiff filed a complaint with the Equal Employment Opportunity Commission on April 11,
   2019.

8. Plaintiff received a Notice of Right to Sue letter on September 26, 2019.

9. Plaintiff satisfied all administrative prerequisites and is filing this case within ninety (90)
   days of receiving the Right to Sue Letter.

10. Venue is proper in that the events arose in Queens County within the Eastern District of New
    York.

## PARTIES

11. Plaintiff NICHOLSON is an individual African-American man who is a resident of the State of New Jersey.

12. Defendant AMTRAK is a foreign business corporation duly existing by the virtue and laws of the District of Columbia that does business in the State of New York.

13. At all times material, Defendant BYRNE was and is Defendant AMTRAK's Track Supervisor.

14. At all times material, Defendant BYRNE held supervisory authority over Plaintiff with respect to his employment, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

15. Upon information and belief, Supervisor BYRNE is a Caucasian male.

16. At all times material, Defendant CORNELIUS was and is Defendant AMTRAK's Assistant Track Supervisor.

17. At all times material, Defendant CORNELIUS held supervisory authority over Plaintiff with respect to his employment, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

18. At all times material, Defendant SCHLOEMANN was and is Defendant AMTRAK's Supervisor.

19. At all times material, Defendant SCHLOEMANN held supervisory authority over Plaintiff with respect to his employment, controlling many tangible aspects of Plaintiff's job duties, including holding the power to hire and fire Plaintiff.

20. Upon information and belief, at all times relevant to this Complaint, Defendants meet the definition of an "employer" under all applicable state and local statutes.

## **MATERIAL FACTS**

21. Plaintiff is seeking damages to redress the injuries that Plaintiff has suffered as a result of being discriminated against by Plaintiff's employer on the basis of Plaintiff's disability, race, color, national origin, together with FMLA interference/retaliation, hostile work environment, retaliation, and constructive discharge/wrongful termination.

22. In or around July of 2011, Defendants hired Plaintiff as a track inspector.

23. At all times material, Defendants employed Plaintiff.

24. Plaintiff's primary duties were to inspect the railroad tracks and ensure safe track conditions.

25. At all times material, Plaintiff suffered from and continues to suffer from a speech disability causing him to stutter, slur his words, and speak in a delayed manner (hereinafter referred to as "speech impairment").

26. Plaintiff's disabilities are recognized under the American with Disabilities Act (hereinafter referred to as "ADA").

27. Plaintiff worked with Defendant BYRNE from in or around July of 2011 to February 2012; in or around February of 2014 through December of 2016; and in or around December of 2017 to March of 2019.

28. Plaintiff worked with Defendant SCHLOEMANN from in or around February of 2012 to December of 2013.

29. Immediately after Plaintiff commenced his employment, BYRNE repeatedly disparaged Plaintiff about his actual and/or perceived disabilities.

30. Defendant BYRNE regularly called Plaintiff "**retarded**," mocking his speech impairment and/or regarding Plaintiff as mentally challenged.

31. Defendant BYRNE also frequently screamed at Plaintiff, calling him a "**fucking idiot,**" referring to Plaintiff's speech impairment and/or regarding Plaintiff as mentally challenged.

32. Further, Defendant BYRNE regularly antagonized Plaintiff making comments like, "**say something – gotta be fucking kidding me with this guy**," "**Say something. Can't control your words,**" and "**are you dumb**?" BYRNE's comments were referring to Plaintiff's speech impairment/disability and BYRNES regarding Plaintiff as mentally challenged.

33. Defendant BYRNE made the above-mentioned comments throughout the entire time Plaintiff worked with BYRNE, multiple days per week and multiple times per day.

34. Defendant SCHLOEMANN also belittled Plaintiff on a daily basis when they worked together for his speech impairment and perceived disability of being mentally challenged.

35. Defendant SCHLOEMANN regularly called Plaintiff "**slow**" or purposefully embarrassed Plaintiff telling him to "**speak up.**"

36. Additionally, Defendant SCHLOEMANN nicknamed Plaintiff "**long mouth**," mocking Plaintiff's speech impairment and regarded disability of being mentally challenged.

37. In or around November of 2016, Defendant BYRNE began stereotyping Hispanics, calling Spanish employees "**Juan**" and making jokes about Hispanics jumping the border in Plaintiff's presence. In or around January of 2017, Supervisor CORNELIUS began to repeatedly humiliate Plaintiff for his speech impairment and/or regarded mental disability.

38. Defendant CORNELIUS regularly made fun of Plaintiff's speech impairment and/or perceived mental disability, called Plaintiff "**stupid**" and/or told him to "**get your words together**. **Stop stuttering.**"

39. From in or around January of 2017 through around March of 2019, Defendant CORNELIUS made these hurtful comments to Plaintiff on average four (4) days per week, three (3) times

per day.

40. In or around the winter of 2018, Defendant BYRNE commented that he grew up in Brooklyn with "**all the black folks**."

41. In or around the winter of 2018, on two (2) occasions, Defendant BYRNE sarcastically remarked that "**black people are his brothers**."

42. In or around February of 2019, Defendant BYRNE went off on a racist and threatening rant while speaking to another employee, within Plaintiff's presence. Defendant BYRNE said, "**This place is Joey Byrnes's motherfucking yard. Understand that. You come in my house you're gonna get shot. I guarantee it. You fat fuck. You, you are you are a big fucking gorilla. You know that-- a fucking nigger gorilla. Don't fuck with me I'm Joey Byrne.**" Supervisor BYRNE then noticed Plaintiff and said to him, "**You, you shut your mouth—you ever talk . . . I will fucking wreck your life. You're a two party mother fucker. I know, I know for a fact. You're mad about me. I will end your career. You understand. I am telling the truth."**

43. Defendant BYRNE proceeded to call Plaintiff a rat and say that "Trump should put a wall around me."

44. Defendants BYRNE's, CORNELIUS's, and SCHLOEMANN's humiliating and threatening remarks regarding Plaintiff's race and actual and/or perceived disabilities deeply offended Plaintiff. As a result, Plaintiff was suffering from and continues to suffer from severe anxiety.

45. In or around February of 2019, Plaintiff made Defendant's Human Resources Department aware of Defendant BYRNE's discriminatory comments.

46. Shortly after this incident, Defendant BYRNE texted Plaintiff threatening him that the Inspector General "**will be talking to you**."

47. From in or around February of 2019 through the around May 2019 Plaintiff's co-workers and supervisors severely harassed him for complaining to Human Resources.

48. Plaintiff's co-workers and supervisors called Plaintiff a "**rat**" or commented that he is wearing a wire on a daily basis. Additionally, Plaintiff's colleagues completely isolated him.

49. By way of example, in a group text with Defendant's employees, STEVE MALLOY (hereinafter referred to as "MALLOY"), RODOLPH DIAZ (hereinafter referred to as "DIAZ"), DAN HAGSTROM (hereinafter referred to as "HAGSTROM"), and TRIM KERON (hereinafter referred to as "KERON"), MALLOW stated "**Careful what you say on here someone might rat you out.**" DIAZ responded in the group, "Hahaha," and HAGSTROM followed with a text, "**You reap what you sow that's all I have to say**. . . ."

50. In or around February of 2019, Plaintiff sought mental health treatment to deal with severe anxiety as a result of Defendants' unlawful conduct.

51. In or around July of 2019, Defendants constructively discharged/wrongfully terminated Plaintiff as he could no longer withstand Defendant AMTRAK's abusive working conditions.

52. Defendants discriminated against Plaintiff on the basis of Plaintiff's race, color, national origin, disability, regarded disability, Defendants retaliated against Plaintiff for Plaintiff's complaints of discrimination. Further, Defendants interfered with and retaliated against Plaintiff for attempting to exercise Plaintiff's protected right under the ADA and the FMLA.

53. Defendants retaliated against Plaintiff for engaging in protected activity.

54. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

55. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

8

56. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured unlawful humiliation resulting in extreme emotional distress, severe depression, extreme anxiety, and physical ailments.

57. As a result of Defendants' unlawful and discriminatory actions, Plaintiff has endured financial hardships and irreparable damage to Plaintiff's professional reputation.

58. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff further claims aggravation, activation, and/or exacerbation of any preexisting condition.

59. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands Punitive Damages against all Defendants jointly and severally.

60. Plaintiff claims unlawful constructive and/or unlawful actual discharge and also seeks reinstatement.

61. Plaintiff claims alternatively (in the event Defendants Claim so or that the Court determines) that Plaintiff is an Independent Contractor, and Plaintiff makes all applicable claims for the above conduct and facts under the applicable law pertaining to Independent Contractors.

62. Plaintiff claims a continuous practice of discrimination and makes all claims herein under the continuing violations doctrine.

**AS A FIRST CAUSE OF ACTION
FOR DISCRIMINATION UNDER**

## THE AMERICANS WITH DISABILITIES ACT
### (As against the Defendant Amtrak and Not Against Individual Defendants)

63. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

64. Plaintiff claims Defendant AMTRAK violated Title I of the Americans with Disabilities Act of 1990 (Pub. L. 101-336) (ADA), as amended, as these titles appear in volume 42 of the United States Code, beginning at section 12101.

65. SEC. 12112. [Section 102] specifically states "(a) General Rule. - No covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."

66. Section 102 continues: "As used in subsection (a) of this section, the term 'discriminate against a qualified individual on the basis of disability' includes … (4) excluding or otherwise denying equal jobs or benefits to a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association."

67. Defendant AMTRAK violated the section cited herein by creating and maintaining discriminatory working conditions, and otherwise discriminating and retaliating against the Plaintiff because of Plaintiff's disability and/or perceived disability.

68. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.


### AS A SECOND CAUSE OF ACTION
### FOR RETALIATION UNDER
### THE AMERICANS WITH DISABILITIES ACT

**(As against the Defendant Amtrak and Not Against Individual Defendants)**

69. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

70. SEC. 12203. [Section 503] states, "(a) Retaliation. - No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

71. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
### (As against the Defendant Amtrak and Not Against Individual Defendants)

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

73. Title VII states in relevant part as follows:

(a) Employer practices: It shall be an unlawful employment practice for an employer:

(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin;

74. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e et seq., as amended, for relief based upon the unlawful employment practices of Defendant AMTRAK. Among other discriminatory comments and conduct, Defendant AMTRAK discriminated against Plaintiff on the basis of Plaintiff's race, color, and national origin, and creating a hostile work environment. Plaintiff

complains of Defendant AMTRAK's violations of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's race, color, or national origin.

75. Defendant AMTRAK engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e et seq., by harassing and otherwise discriminating against Plaintiff as set forth herein.

76. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.

**AS A FOURTH CAUSE OF ACTION**
**FOR RETALIATION UNDER TITLE VII**
**(As against Defendant AMTRAK and Not Against Individual Defendants)**

77. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

78. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because she has opposed any practice made an unlawful employment practice by this subchapter, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

79. Defendant AMTRAK engaged in unlawful employment practices prohibited by 42 U.S.C. 2000e seq. by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of Plaintiff's opposition to the unlawful employment practices of Defendants.

80. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.

**AS A FIFTH CAUSE OF ACTION**
**FOR VIOLATIONS OF THE**
**FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.**
**(As against Defendant Amtrak and Not Against Individual Defendants)**

81. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint.

82. Section 2612 of the Family Medical Leave Act (FMLA) states in pertinent part:

(a) In general

(1) Entitlement to leave

Subject to section 2613 of this title, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

83. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION AND INTERFERENCE UNDER THE**
**FAMILY AND MEDICAL LEAVE ACT - 29 U.S.C. § 2601 ET SEQ.**
**(As against Defendant Amtrak and Not Against Individual Defendants)**

84. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of

this complaint as if the same were set forth herein fully at length.

85. Section 2615 of the FMLA states as follows:

Prohibited acts

(a) Interference with rights

(1) Exercise of rights

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this  subchapter.

(2) Discrimination

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

86. Defendant AMTRAK unlawfully interfered, restrained, and denied Plaintiff's right to exercise and attempt to exercise Plaintiff's rights under the above section and discriminated and retaliated against Plaintiff for opposing Defendant's unlawful employment practice and attempting to exercise Plaintiff's rights.

87. Defendant AMTRAK violated the above and Plaintiff suffered numerous damages as a result.

**AS A SEVENTH CAUSE OF ACTION
FOR DISCRIMINATION UNDER 42 U.S. CODE § 1981
(AGAINST ALL DEFENDANTS)**

88. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this Complaint.

89. 42 U.S. Code § 1981 - Equal rights under the law states provides:

(a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

(c) The rights protected by this section are protected against impairment by nongovernmental discrimination and impairment under color of State law.

90. Defendants constantly enforced a purposefully discriminatory pattern and practice of depriving African-American individuals of the equal rights described therein, in further violation of 42 U.S.C. §1981.

91. As a result of Defendants' discrimination in violation of Section 1981, Plaintiff has been denied the enjoyment of all benefits, privileges, terms, and conditions of Plaintiff's contractual relationship which provided substantial compensation and benefits, thereby entitling him to injunctive and equitable monetary relief; and having suffered such anguish, humiliation, distress, inconvenience and loss of enjoyment of life because of Defendants' actions, thereby entitling Plaintiff to compensatory damages.

92. As alleged above, Defendants acted with malice or reckless indifference to the rights of the Plaintiff and copious other individuals named herein, thereby entitling Plaintiff to an award of punitive damages.

93. Defendants violated the above and Plaintiff suffered numerous damages as a result.

94. Plaintiff makes a claim against Defendants under all of the applicable paragraphs of 42 U.S. Code § 1981.

95. Plaintiff claims Defendants both unlawfully discriminated against Plaintiff and unlawfully retaliated against Plaintiff in violated of 42 USC 1981.

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER

## NEW YORK STATE LAW
**(Against All Defendants)**

96.  Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

97.  Executive Law § 296 provides that "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

98.  Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of Plaintiff's disability and/or perceived disability, race, color, and national origin, harassing Plaintiff, and causing a hostile work environment.

99.  Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of Executive Law Section 296.

100. Defendants violated the above and Plaintiffs suffered numerous damages as a result.

## AS A NINTH CAUSE OF ACTION
## FOR RETALIATION UNDER
## NEW YORK STATE LAW
**(Against All Defendants)**

101. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

102. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice: "For any person engaged in any activity to which this section applies to retaliate or

discriminate against any person because [s]he has opposed any practices forbidden under this article."

103. Defendants engaged in an unlawful discriminatory practice by retaliating against Plaintiff.

104. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A TENTH CAUSE OF ACTION
## FOR AIDING AND ABETTING UNDER
## NEW YORK STATE LAW
### (Against All Defendants)

105. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the complaint.

106. New York State Executive Law §296(6) further provides that "It shall be an unlawful discriminatory practice for any person to aid, abet, abet, incite, compel or coerce the doing of any of the acts forbidden under this article, or to attempt to do so."

107. Defendants engaged in an unlawful discriminatory practice by aiding, abetting, compelling and/or coercing the discriminatory behavior as stated herein.

108. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AN ELEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER
## THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

109. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

110. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the

actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienate or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

111. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, by creating and maintaining discriminatory working conditions and a hostile work environment, and otherwise discriminating against the Plaintiff because of Plaintiff's disability and/or perceived disability, race, color, and national origin.

112. Plaintiff hereby makes a claim against Defendants under all of the applicable paragraphs of New York City Administrative Code Title 8.

113. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS A TWELFTH CAUSE OF ACTION**
**FOR RETALIATION UNDER**
**THE NEW YORK CITY ADMINISTRATIVE CODE**
**(Against All Defendants)**

114. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

115. The New York City Administrative Code Tide 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice: "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

116. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Tide 8, §8-107(1) (e) by discriminating against Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

117. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A THIRTEENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

118. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

119. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice: "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

120. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

121. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS AN FOURTEENTH CAUSE OF ACTION
### FOR INTERFERENCE UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

122. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

123. Section 8-107(19), entitled "Interference with protected rights" provides that "It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

124. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A FIFTEENTH CAUSE OF ACTION
### FOR SUPERVISOR LIABILITY UNDER
### THE NEW YORK CITY ADMINISTRATIVE CODE
### (Against All Defendants)

125. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

126. Section 8-107(13) entitled Employer liability for discriminatory conduct by employee, agent or independent contractor provides "An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section." b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where: (1) the employee or agent exercised managerial or supervisory responsibility; or (2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or (3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

127. Defendants violated the above and Plaintiff suffered numerous damages as a result.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in an amount which exceeds the jurisdiction of all lower courts for all damages including but not limited to

compensatory damages, punitive damages, statutory damages, lost wages, back pay, front pay, attorney's fees, costs, interest and all other damages as are just and proper to remedy Defendants' unlawful employment practices.

## JURY DEMAND

Plaintiff demands a jury trial on all issues to be tried.

Date:    December 20, 2019

      New York, New York

                    Respectfully Submitted,

                    **DEREK SMITH LAW GROUP, PLLC.**

                    Attorneys for Plaintiff

BY:  /s/Johnmack Cohen
        Johnmack Cohen, Esq.
        1 Pennsylvania Plaza, 49th Floor
        New York, New York 10119
        (212) 587-0760

        /s/Amanda Moreno
        Amanda Moreno, Esq.
        10101 Fondren Road, Suite 575
        Houston, Texas 77096
        (815) 912-3392